IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL K MAXWELL,

    Plaintiff,

v.                                       CASE NO. 4:17-cv-353-MW-GRJ

BRIAN A HIGGINS,

    Defendant.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks appointment of counsel and leave to proceed as a pauper. ECF Nos. 1, 2, 3. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

Plaintiff is a pretrial detainee at the Wakulla County Jail. The Court may take judicial notice that Plaintiff is the defendant in a pending Wakulla

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound at least in part in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time.

County felony criminal case: *State v. Maxwell*, 2015 CF 213 (filed 9/9/15). The defendant named in the Complaint is Plaintiff's appointed counsel in his pending criminal case, Brian Higgins. The Complaint stems from competency proceedings that occurred during Plaintiff's criminal case which resulted in his commitment to the Florida State Hospital for a period of time. Plaintiff alleges that his counsel performed negligently during the competency proceedings. For relief, Plaintiff seeks "a speedy trial without delay" and compensatory damages in excess of $100,000. ECF No. 1.

Plaintiff's claim for monetary damages against the public defender who represents him is not cognizable. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir.2003) (citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*

*v. Dodson*, 454 U.S. 312, 325 (1981).

To the extent that Plaintiff seeks injunctive relief in connection with his pending prosecution, federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.

To the extent that the Complaint may liberally be construed as

alleging that counsel rendered ineffective assistance in violation of the sixth amendment during the criminal and competency proceedings, Plaintiff's claims are not properly asserted by way of a civil rights complaint. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition seeking habeas corpus relief would be filed in this Court, after Plaintiff exhausts his available state remedies. 28 U.S.C. § 2254(b).

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 3, is **GRANTED**. Plaintiff's motion for appointment of counsel, ECF No. 2, is **MOOT.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and pursuant to *Younger*.

**IN CHAMBERS** this 11th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**